CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 27 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OLIVER SEIGEFRED FELIX, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 7:19CV00506 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Jackson L. Kiser |
| | ) |     Senior United States District Judge |
| Respondent. | ) | |

Petitioner Oliver Seigefred Felix ("Felix" or "Petitioner"), a Virginia inmate, has filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal convictions in the City of Lynchburg on May 20, 2015 (Case Nos. CR14-144-00 through -02). The matter is presently before me on respondent's motion to dismiss. After full review of the record and of the parties' pleadings herein, for the reasons set forth below, I will grant the motion and dismiss Felix's petition.

I.

On March 3, 2014, a grand jury for the City of Lynchburg indicted Felix for child endangerment in violation of Virginia Code § 40.1-103, child abuse in violation of Virginia Code § 18.2-371.1, and felony homicide in violation of Virginia Code § 18.2-33.[1] The matter was tried before a jury on February 4-6, 2015, and the jury convicted him on all three charges, recommending a sentence of 4 years on child endangerment, 6 years on child abuse, and 15

---

[1] The factual and procedural allegations herein are drawn from the pleadings and attachments thereto filed by the parties [ECF Nos. 1 & 6], and from the paper and electronic records from the Lynchburg Circuit Court, from the Court of Appeals of Virginia, and from the Supreme Court of Virginia, on file with the Clerk.

years on felony homicide. Following consideration of a presentence report, the court entered an order on May 20, 2015, sentencing Felix in accord with the jury's recommendation, consecutively on each count, for a total sentence of 25 years.

Felix appealed his convictions to the Virginia Court of Appeals, challenging the sufficiency of the evidence to support the conviction. Noting that the question before the court was not whether the appeals court believed that the evidence proved guilt beyond a reasonable doubt, but whether any rational trier of fact could so find, after considering the evidence in the light most favorable to the government, the court affirmed the conviction by order dated November 5, 2015. (Court of Appeals of Virginia, Record No. 0825-15-3, "CAV R.", at 53–56.) As summarized by the Court of Appeals, in the light most favorable to the Commonwealth, the evidence was that:

> [O]n April 18, 2013, [Felix] picked up his two-year-old son from the boy's mother, Sharhonda Tyler, around noon. When he returned the child to Tyler, the child was unconscious and unresponsive. Tyler's friend who was at the scene immediately called for emergency help. Paramedics arrived and transported the child to the hospital. A CT scan revealed acute bleeding and brain swelling. He was airlifted to another hospital and underwent an emergency craniectomy to relieve the pressure resulting from his swelling brain. Dr. Matsumoto reviewed a second CT scan taken on April 19 and concluded from comparing it to the first scan that the child's injuries occurred between one hour and twenty-four hours prior to the original scan.
>
> X-rays taken on April 20 revealed the child also suffered from four fractured ribs. Three of the fractures had begun healing and the fourth was more recent. Dr. Ornan reviewed MRI and MRA images taken on April 25. He testified the images showed injury to the child's carotid artery. Ornan concluded the boy's injuries were caused by trauma. The child never regained consciousness and died as a result of his injuries on April 27,

> 2013. Dr. Bowers conducted the autopsy and concluded the boy died from blunt force trauma that occurred on April 18.
>
> Dr. Robin Foster, a child abuse expert, testified that the constellation of injuries suffered by the victim were consistent with abusive head trauma. The nature of the victim's injuries suggested he had been violently shaken. Dr. Foster explained that after suffering the trauma, the child would have been symptomatic immediately.

(CAV R. at 53–54.)

For the reasons stated in the opinion of November 5, 2015, a three-judge panel of the Court of Appeals denied the petition for appeal by order entered February 9, 2016. (Id. at 62.) The Supreme Court of Virginia denied Felix's appeal on December 6, 2016. (Virginia Supreme Court, Combined Record Nos. 160346 and 181388, "SCV R.", at 50). Felix did not seek certiorari from the United States Supreme Court.

On December 5, 2017, Felix filed a petition for habeas corpus in the Lynchburg Circuit Court, raising a single issue: That trial counsel was ineffective for failing to request a jury instruction for involuntary manslaughter as a lesser-included offense of felony homicide. In an order dated July 31, 2018, the court dismissed the petition, finding that Felix failed to establish either deficient performance or prejudice. (Lynchburg Circuit Court, Case No. CL170010176, "Habeas R.", at 56–64.) Felix appealed to the Supreme Court of Virginia, which denied the appeal on April 19, 2019, without opinion. (SCV R. at 70.)

Felix timely filed his petition in this court on July 17, 2019, raising the same issue raised in the state habeas proceedings, namely that counsel was ineffective in failing to request a jury instruction for involuntary manslaughter as a lesser included offense of felony homicide.

**II.**

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). A claim of ineffective assistance of counsel, arising under the Sixth Amendment of the Constitution, is such a claim. When reviewing counsel's performance, courts apply a highly deferential standard. A petitioner must show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment <u>and</u> (2) that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Petitioner must meet both prongs of the test to prevail.

Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." <u>Id.</u> at 688. The reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions. <u>Id.</u> at 689–90. Under <u>Strickland</u>, a reviewing court strongly presumes that counsel rendered adequate decisions and that all significant decisions were made in the exercise of reasonable judgment. <u>Id.</u> at 690. The <u>Strickland</u> standard is "doubly deferential" in the context of a habeas petition, because the deferential standard of review required by <u>Strickland</u> overlaps with the deferential standard required in § 2254 habeas cases, which permits habeas relief on claims already adjudicated on the merits in state court only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In other words, federal courts considering ineffective assistance of counsel claims on habeas review are to give the benefit of the doubt to both the state court and the defense attorney. Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016); Cullen v. Pinholster, 563 U.S. 170, 190 (2011).

The Supreme Court of Virginia did not provide a written opinion when denying the state habeas appeal. Therefore, this court "looks through" the Supreme Court of Virginia's denial of the appeal and reviews the last reasoned state court opinion, in this case from the Lynchburg Circuit Court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). The deferential standard of review prescribed by § 2254(d), as discussed above, will apply in reviewing the circuit court's opinion.

The Supreme Court has not addressed whether counsel's performance is deficient if he fails to request a jury instruction on a lesser-included offense, and the circuit courts of appeals have split on the issue. Compare Breakiron v. Horn, 642 F.3d 126, 138 (3rd Cir. 2011) and Richards v. Quarterman, 566 F.3d 553, 569–70 (5th Cir. 2009) (holding that failure to request instruction on a lesser-included offense is objectively unreasonable, constituting deficient performance), with Lopez v. Thurmer, 594 F.3d 584, 588 (7th Cir. 2010) and Look v. Amaral, 725 F.2d 4, 9 (1st Cir. 1984) (holding that whether to request instruction on a lesser-included offense is a tactical decision of counsel). The state habeas court did not reach this issue, however, because the court held that "at best, the question of whether involuntary

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In other words, federal courts considering ineffective assistance of counsel claims on habeas review are to give the benefit of the doubt to both the state court and the defense attorney. Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016); Cullen v. Pinholster, 563 U.S. 170, 190 (2011).

The Supreme Court of Virginia did not provide a written opinion when denying the state habeas appeal. Therefore, this court "looks through" the Supreme Court of Virginia's denial of the appeal and reviews the last reasoned state court opinion, in this case from the Lynchburg Circuit Court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). The deferential standard of review prescribed by § 2254(d), as discussed above, will apply in reviewing the circuit court's opinion.

The Supreme Court has not addressed whether counsel's performance is deficient if he fails to request a jury instruction on a lesser-included offense, and the circuit courts of appeals have split on the issue. Compare Breakiron v. Horn, 642 F.3d 126, 138 (3rd Cir. 2011) and Richards v. Quarterman, 566 F.3d 553, 569–70 (5th Cir. 2009) (holding that failure to request instruction on a lesser-included offense is objectively unreasonable, constituting deficient performance), with Lopez v. Thurmer, 594 F.3d 584, 588 (7th Cir. 2010) and Look v. Amaral, 725 F.2d 4, 9 (1st Cir. 1984) (holding that whether to request instruction on a lesser-included offense is a tactical decision of counsel). The state habeas court did not reach this issue, however, because the court held that "at best, the question of whether involuntary

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In other words, federal courts considering ineffective assistance of counsel claims on habeas review are to give the benefit of the doubt to both the state court and the defense attorney. Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016); Cullen v. Pinholster, 563 U.S. 170, 190 (2011).

The Supreme Court of Virginia did not provide a written opinion when denying the state habeas appeal. Therefore, this court "looks through" the Supreme Court of Virginia's denial of the appeal and reviews the last reasoned state court opinion, in this case from the Lynchburg Circuit Court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). The deferential standard of review prescribed by § 2254(d), as discussed above, will apply in reviewing the circuit court's opinion.

The Supreme Court has not addressed whether counsel's performance is deficient if he fails to request a jury instruction on a lesser-included offense, and the circuit courts of appeals have split on the issue. Compare Breakiron v. Horn, 642 F.3d 126, 138 (3rd Cir. 2011) and Richards v. Quarterman, 566 F.3d 553, 569–70 (5th Cir. 2009) (holding that failure to request instruction on a lesser-included offense is objectively unreasonable, constituting deficient performance), with Lopez v. Thurmer, 594 F.3d 584, 588 (7th Cir. 2010) and Look v. Amaral, 725 F.2d 4, 9 (1st Cir. 1984) (holding that whether to request instruction on a lesser-included offense is a tactical decision of counsel). The state habeas court did not reach this issue, however, because the court held that "at best, the question of whether involuntary

[manslaughter] is a lesser included offense of felony homicide is an unsettled question of Virginia Law [sic]." (Habeas R. at 59.) The court further noted that all the elements of a lesser-included offense will be elements of the greater offense. See Kauffmann v. Commonwealth, 382 S.E.2d 279, 284 (Va. Ct. App. 1989). This is the same analysis established by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932).

The state habeas court's decision is neither an unreasonable application of federal law nor an unreasonable determination of the facts. No appellate courts in Virginia have addressed whether involuntary manslaughter is a lesser-included offense of felony homicide. Further, applying Blockburger, Virginia courts look at the elements of each offense, not the facts of the particular case. Coleman v. Commonwealth, 539 S.E.2d 732, 734 (Va. 2001); Blythe v. Commonwealth, 284 S.E.2d 796, 798–99 (Va. 1981). This is clearly a reasonable application of Blockburger. See Whalen v. United States, 445 U.S. 684, 694 n.8 (1980).

To prove the offense of felony homicide under Virginia Code § 18.2-33, the government must prove the following elements: (1) That the defendant killed someone accidentally, contrary to the intent of the parties (2) while committing or acting in furtherance of some felonious act (other than a felony that renders the killing a capital murder or felony first-degree murder). Payne v. Commonwealth, 661 S.E.2d 513, 516 (Va. Ct. App. 2008). To prove involuntary manslaughter, the government must prove (1) the accidental killing of a person, contrary to the intent of the parties (2) in the commission of an unlawful but not felonious act or in the improper performance of a lawful act. West v. Director, Dep't. of Corr., 639 S.E.2d 190, 195 (Va. 2007); Dowden v. Commonwealth, 536 S.E.2d 437, 443 (Va. 2000). "It is not the province of a federal habeas court to reexamine state-court determinations on

state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). The interpretation of Virginia statutes and case law is a matter for the state courts to determine, and as such, it is not cognizable on federal habeas review unless petitioner alleges that the state court's application of the law violates the federal constitution. See, e.g., Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). The state habeas court's determination that counsel's performance was objectively reasonable, even though he did not request an instruction on involuntary manslaughter, is a reasonable determination of fact when no Virginia cases have recognized involuntary manslaughter as a lesser-included offense of felony homicide. As the state court observed, "the idea of requesting a jury instruction for involuntary manslaughter likely did not occur to counsel because there is no law supporting such a decision." (Habeas R. at 62.) Nor is it an unreasonable application of Blockburger to find that involuntary manslaughter is not a lesser-included offense of felony homicide. Id.

The state habeas court also found that Felix did not suffer any prejudice because of the failure to request the involuntary manslaughter instruction. The court reasoned that there was no basis for the court to grant the instruction if it had been requested, and therefore, there is no reasonable probability of a different outcome if counsel had requested such an instruction. (Habeas R. at 63.) Indeed, the government alleged that Felix accidentally killed his son in the commission of felony child abuse and felony child endangerment, not in the commission of an unlawful but not felonious act. The jury convicted Felix of felony child abuse and felony child endangerment. Those convictions would not support a conviction for involuntary manslaughter, but they amply support a conviction for felony homicide. The state court's

determination that Felix has suffered no prejudice as a result of counsel's performance is a reasonable determination of facts.

Because the state court's decision reasonably concluded that counsel's performance was not deficient and that Felix suffered no prejudice, Felix is not entitled to relief on this claim.

## III.

In accordance with the foregoing, I will grant the respondent's motion to dismiss. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

**ENTERED** this 27th day of March, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE